Nos. 22, 50281, 22-50283, 22-50312

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| TRAVIS SCHLOTTERBECK and | ) |
| JAMES VLHA, | ) |
| | ) |
| Defendants-Appellants. | ) |

_____

**APPELLANTS' JOINT OPENING BRIEF**

_____

Appeal from the United States District Court
for the Central District of California

No. 19-cr-00343-GW
Hon. George H. Wu, United States District Judge

Jerome J Haig (131903)
Law Office of Jerome J Haig
21143 Hawthorne Boulevard Suite 454
Torrance, CA 90503
Telephone: 424-488-0686
Facsimile: 424-271-5990

Attorney for Defendant-Appellant
**JAMES VLHA**

Edward M. Robinson (126244)
Rachael A. Robinson (313991)
Law Office of Edward M. Robinson
21515 Hawthorne Boulevard, Suite 730
Torrance, CA 90502
Telephone: (310) 316-9333
Facsimile: (310) 316-6442

Attorneys for Defendant-Appellant
**TRAVIS SCHLOTTERBECK**

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

JURISDICTIONAL STATEMENT .......................................................................2

BAIL/DETENTION STATUS ................................................................................3

ISSUES PRESENTED.............................................................................................3

STATEMENT OF THE CASE................................................................................3

    I.   Statement of Facts...................................................................................3

    II.  Procedural History .................................................................................4

SUMMARY OF ARGUMENT ...............................................................................6

ARGUMENT ...........................................................................................................8

    I.  Mr. Schlotterbeck's Conviction on Count Three Must Be Vacated
        Because 18 U.S.C. § 922(d)(1) is Unconstitutional .............................10

      A.     Standard of Review......................................................................10

      B.  Mr. Schlotterbeck's Conduct is Presumptively Protected...............10

      C.  The Government Did not, and Cannot, Carry Its Burden to Rebut
          the Presumption .........................................................................12

    II.  Both Mr. Vlha's and Mr. Schlotterbeck's Conviction on Count One
        Must be Vacated Because 18 U.S.C. § 922(a)(1)(A) is
        Unconstitutional ...................................................................................14

      A.     Standard of Review......................................................................14

      B.  Mr. Vlha's and Mr. Schlotterbeck's Conduct in Manufacturing
          Firearms is Presumptively Protected .............................................15

      C.  The Government Did not, and Cannot, Carry its Burden to Rebut
          this Presumption.........................................................................15

CONCLUSION ......................................................................................................17

# TABLE OF AUTHORITIES

**Cases**

*District of Columbia v. Heller*,
554 U.S. 570, 592 (2008)........................................................... 5, 8, 10

*Illinois Ass'n of Firearms Retailers v. City of Chicago*,
961 F.Supp.2d 928 (N.D. Ill. 2014) ...............................................16

*Kanter v. Barr*,
919 F.3d 437 (7th Cir. 2019) ....................................................7, 12

*Luis v. United States*,
578 U.S. 5 (2016) ...................................................................15

*New York State Rifle and Pistol Assn v. Bruen*,
142 S. Ct. 2111, 2122 (2022) ............................................... passim

*Richmond Newspapers v. Virginia*,
448 U.S. 555 (1980)................................................................15

*United States v. Bartley*,
9 F.4th 1128 (9th Cir. 2021) ................................................ 10, 14

*United States v. Chovan*, 7
35 F.3d 1127 (9th Cir. 2013) ...................................................10

*United States v. Quiroz*,
2022 WL 4352482 (W.D. Tex. Sept. 19, 2022) ......................... 11, 13

**Statutes**

18 U.S.C. § 3231 .......................................................................2

18 U.S.C. § 371 .......................................................................4, 5

18 U.S.C. § 3742 .......................................................................2

18 U.S.C. § 922 ................................................................ passim

28 U.S.C. § 1291 .......................................................................2

## **INTRODUCTION**

The United States Supreme Court's recent opinion in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen* fundamentally changes the way that courts consider the constitutionality of firearm regulations. The opinion calls into question every firearm law that is covered by the plain text of the Second Amendment and places a heavy burden on the government to demonstrate that such a law was contemplated as constitutional at the time of the founding.

Here, Appellants Travis Schlotterbeck and James Vlha have both conditionally pled guilty under statutes covered by the text of the Second Amendment. Mr. Schlotterbeck has pled guilty to conspiracy to manufacture firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) and transferring a firearm to a felon in violation of 18 U.S.C. § 922(d)(1); and Mr. Vlha has pled guilty to conspiracy to manufacture firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A). Both appellants have fully accepted responsibility for their actions but have reserved the right, in light of *Bruen*, to argue that their conduct was protected by the Second Amendment.

The constitutionality of 18 U.S.C. §§ 922(a)(1)(A) and 922(d)(1) is unclear in the wake of *Bruen.* Both the manufacturing of firearms as well as the transfer of a firearm to any person, regardless of felony status, fall under the plain text of the Second Amendment as such conduct directly addresses the ways in which an

1

individual may keep or bear arms. Without the ability to manufacture or transfer, there is no ability to "keep and bear." Yet here, the district court failed to acknowledge this and subsequently failed to conduct any historical analysis regarding these regulations. Instead, the district court upheld the constitutionality of both laws without any further review under *Bruen*.

The analysis in *Bruen* itself, as well as that of subsequent case law considering the new framework, makes clear that the district court was mistaken in its failure to adequately consider these laws, and the constitutionality of both laws are subject to further consideration and review.

Thus, for these reasons and those set forth below, Mr. Schlotterbeck and Mr. Vlha respectfully request that the Court reverse and dismiss the convictions against them. At minimum, Mr. Schlotterbeck and Mr. Vlha respectfully request that the Court vacate the convictions and remand with instructions for the district court to conduct the correct constitutional analysis of each statute.

## JURISDICTIONAL STATEMENT

Pursuant to 18 U.S.C. § 3231, the district court had jurisdiction over this federal criminal proceeding. This Court has jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The district court entered its judgment and commitment orders on November 17, 2022. (1-ER-2, 7.) Mr. Schlotterbeck and Mr. Vlha filed their timely notices of appeal. (ER 3-ER-495, 496.)

## BAIL/DETENTION STATUS

Mr. Schlotterbeck was sentenced to a term of imprisonment of three months and fined $50,000. (1-ER-2.) His sentence and fine were stayed pending the instant appeal. Mr. Vlha was sentenced to a term of time served (one day) and fined $25,000. (1-ER-7.) He is currently on supervised release, but his fine was stayed pending appeal. (1-ER-7.)

Both defendants' pretrial bonds were exonerated by the district court, and bond pending appeal was not required.

## ISSUES PRESENTED

1) Is 18 U.S.C. § 922(d)(1) constitutional given the Supreme Court's Second Amendment analysis in *N.Y. State Rife & Pistol Assoc. v. Bruen*?

2) Is 18 U.S.C. § 922(a)(1)(A) constitutional given the Supreme Court's Second Amendment analysis in *N.Y. State Rife & Pistol Assoc. v. Bruen*?

## STATEMENT OF THE CASE

### I. Statement of Facts

Between May 21, 2015 and June 21, 2017, Mr. Schlotterbeck, Mr. Vlha and others agreed to manufacture six custom firearms for profit. (PSR ¶¶ 15-17.)

One of the customers to whom Mr. Schlotterbeck sold one firearm informed Mr. Schlotterbeck that he was a felon and was prohibited from possessing a firearm. (PSR ¶ 20(a).) He never informed Mr. Schlotterbeck what his felony was

and, that customer was, in fact, a confidential informant working at the direction of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). (*Id*.)

## II.  Procedural History

On June 11 2019, the government filed an indictment against Mr. Schlotterbeck, Mr. Vlha, and a third defendant Jacob Deckoning. (3-ER-484) All three defendants were charged with conspiracy to manufacture and deal in firearms without a license in violation of 18 U.S.C. § 371 and 18 U.S.C. § 922(a)(1)(A) and a substantive count of manufacturing and dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A). (3-ER-484-491.) Mr. Schlotterbeck was separately charged in count three with selling a firearm to an individual he reasonably believed to be a felon in violation of 18 U.S.C. § 922(d)(1). (3-ER-492.) In February 2020, the government dismissed its case against Mr. Deckoning.

On May 6, 2022, the government filed its trial memorandum, abandoning a theory of dealing and proceeding only on the manufacturing theory for both the conspiracy and the substantive count. (3-ER-451.) On June 2, 2022, Mr. Schlotterbeck and Mr. Vlha filed their first motion to dismiss the indictment based on the theory that the anti-manufacturing law was unconstitutionally vague. (3-ER-430.) The government filed its opposition on June 9, 2022. (3-ER-397.) On June 23, 2022, the district court denied the motion.

That same day, the Supreme Court issued the landmark opinion in *New York State Rifle and Pistol Assn v. Bruen*, 579 U.S. –, 142 S. Ct. 2111, 2122 (2022). In light of this opinion, Mr. Schlotterbeck and Mr. Vlha filed a second motion to dismiss arguing that both 18 U.S.C. § 922(a)(1)(A) and 922(d)(1) run afoul of the Second Amendment. (3-ER-382.) The government filed an opposition arguing that the motion was untimely and that the conduct at issue did not fall under the text of the Second Amendment. (2-ER-329.) The district court denied the motion, noting that "the problem is that it's difficult, if not impossible, for the Court to decide that a federal statute is unconstitutional, especially in this particular portion of the federal statute is unconstitutional based on what was said in *Heller*." (1-ER-17-18.) The district court also noted that "I don't see how we can say that *Bruen* has changed the landscape as to this particular case." (1-ER-16.)

In response to the court's denial of the motion, the parties agreed to enter into a conditional plea agreement. (2-ER-149.) Mr. Schlotterbeck pled guilty to one count of conspiracy to manufacture and deal in firearms without a license in violation of 18 U.S.C. § 371 and 18 U.S.C. § 922(a)(1)(A) and one count of selling a firearm to an individual he reasonably believed to be a felon in violation of 18 U.S.C. § 922(d)(1). (2-ER-184.) Mr. Vlha pled guilty to one count of conspiracy to manufacture and deal in firearms without a license in violation of 18 U.S.C. § 371 and 18 U.S.C. § 922(a)(1)(A). (2-ER-185.) The government dismissed the

5

substantive count of manufacturing without a license against both Mr.

Schlotterbeck and Mr. Vlha.

On November 17, 2022, both defendants were sentenced. Mr. Schlotterbeck

was sentenced to a term of three months in custody, followed by 3 years of

supervised release, and a fine of $50,000. (2-ER-131-132.) Mr. Vlha was

sentenced to a term of time served (one day), followed by three years of supervised

release, and a fine of $25,000. (2-ER-102-103.) Due to the pending question before

this Court regarding the constitutionality of both statutes, the district court stayed

the sentence and fine for Mr. Schlotterbeck, and the fine for Mr. Vlha. (2-ER-105,

134.) Both defendants remain out of custody. The District Court exonerated the

pretrial bonds for both defendants and did not require bond on appeal. (2-ER-108,

134.)

Mr. Schlotterbeck and Mr. Vlha both filed timely notice of appeals, and this

Court consolidated their cases.

## SUMMARY OF ARGUMENT

In *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 579 U.S. –, 142 S. Ct.

2111, 2122 (2022), the U.S. Supreme Court rejected a two-step Second

Amendment analysis in favor of a historical model. Under this new model,

whenever conduct is presumptively protected by the Second Amendment, the

government carries the heavy burden of establishing a historical provenance for

any firearms restriction. Here, all of Mr. Schlotterbeck's and Mr. Vlha's conduct is presumptively protected by the Second Amendment, and the government cannot carry its burden of establishing historical provenance for the restrictions.

First, the prohibition on the transfer of a firearm to a felon in possession is unconstitutional. The conduct falls under the plain text of the Second Amendment, as a "felon" is included in the "people" to whom the Second Amendment right applies. Moreover, there is simply no historical basis for disarmament based generally on a "felon" status, as understood today. As then Judge Barrett wrote in her dissent in *Kanter v. Barr*, 919 F.3d 437 (7th Cir. 2019), the felon in possession charge under 18 U.S.C. § 922(d)(1) violates the Second Amendment. Looking to history, then Judge Barrett held that scholars have failed to identify any laws at or around the founding which support a blanket prohibition on felons possessing a firearm. *Id*. at 454. This blanket prohibition, therefore, is in conflict with the Second Amendment.

Rejecting the *Kanter* majority opinion, the Supreme Court has determined that Judge Barrett's analysis in *Kanter* is the correct one. The same analysis applies to the sale of a firearm to a felon, particularly where, as here, Mr. Schlotterbeck was subject to a "sting" operation and he was provided with no information as to what the "felony" at issue was. If it is unconstitutional to remove a felon's right to possess a firearm, it follows that it is unconstitutional to prevent an individual from

7

transferring or selling a firearm to a felon, whose rights are otherwise protected. Mr. Schlotterbeck's conviction should, therefore, be vacated and the count against him dismissed. At minimum, the case must be remanded so that the district court may conduct an appropriate analysis of the constitutionality of the statute.

Second, and similarly, the prohibition on manufacturing, or dealing, firearms without a license is unconstitutional. The ability to make or manufacture a firearm falls under the plain text of the Second Amendment, as it goes directly to the way in which an individual may receive a firearm to "keep and bear arms." It too fails the historical test under *Bruen*. In the district court, the government did not meet its burden to show otherwise, and it cannot do so here. As such, the government cannot justify either the 18 U.S.C. § 922(a)(1)(A) regulation, and the conspiracy count for which Mr. Scholtterbeck and Mr. Vlha pled guilty must be vacated and dismissed as well.

## **ARGUMENT**

The Second Amendment "guarantees the individual right to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008). At the core of this guarantee sits the right to keep and bear handguns for the purpose of self-defense both inside and outside the home. *Id.* at 630; *see also Bruen*, —— U.S. ——, 142 S. Ct. at 2122. In order to adequately

protect this core right to keep and bear arms, an individual must necessarily have the right to receive, manufacture, or transfer such arms.

Under Supreme Court's analysis in *Bruen*, the validity of firearm restrictions turns entirely on history. The Supreme Court expressly held that,

> We reiterate that the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

142 S. Ct. at 2126.

The effect of *Bruen* on this case is threefold: (1) it replaces this Court's two-step framework with a historical model; (2) it upends the old framework so that the constitutionality of 18 §§ 922(a)(1)(A) and (d)(1) are now, effectively, issues of first impression; and (3) its new historical model requires reversal on the merits. In short, *Bruen* is dispositive in favor of Mr. Schlotterbeck and Mr. Vlha: this Court should recognize 18 U.S.C. §§ 922(a)(1)(A) and (d)(1) as unconstitutional on their face and dismiss the case against both defendants. If the Court is not inclined to dismiss, it should remand the case to the district court and hold the government to its heavy burden to demonstrate that both laws are "consistent with the Nation's historical tradition of firearm regulation." *Bruen*, 142 S. Ct. at 2126.

## I.  Mr. Schlotterbeck's Conviction on Count Three Must Be Vacated Because 18 U.S.C. § 922(d)(1) is Unconstitutional

The relevant language of 18 U.S.C. § 922(d)(1) states that, "[i]t shall be unlawful for any person to sell or otherwise dispose of any firearm … to any person knowing or having reasonable cause to believe that such person … has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." In other words, the statute prohibits the transfer, through sale or otherwise, of a firearm to a felon. This conduct is presumptively protected by the language of the Second Amendment, and the government cannot carry its burden to prove otherwise. Therefore, Mr. Schlotterbeck's conviction for violating 18 U.S.C. § 922(d)(1) is unconstitutional and must be vacated.

### A.  Standard of Review

This Court reviews the constitutionality of a statute *de novo*. *United States v. Bartley*, 9 F.4th 1128, 1131 (9th Cir. 2021); *see also United States v. Chovan*, 735 F.3d 1127, 1131 (9th Cir. 2013).

### B.  Mr. Schlotterbeck's Conduct is Presumptively Protected

The Second Amendment states that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const., amend. II. With respect to who holds that right, felons are included. As the Supreme Court explained in *Heller*, the words "the people" in the Second Amendment have been interpreted throughout

10

the Constitution to "unambiguously refer[ ] to all members of the political community, not an unspecified subset." 554 U.S. at 580. The Second Amendment's plain text, therefore, covers all people's, including felons, right to possess a firearm. *Bruen*, 142 S. Ct. at 2126.

Inevitably, if any individual is presumptively entitled to possess a firearm, every individual must then be entitled to purchase or receive that firearm. A person's ability to obtain a firearm for self-defense is a central component of the Second Amendment right to possess one. As one district court found, "[h]ow can one possess (or carry) something without first receiving it? Receipt is the condition precedent to possession – the latter is impossible without the former." *United States v. Quiroz*, 2022 WL 4352482, at *3 (W.D. Tex. Sept. 19, 2022). It logically follows that, in order to provide the presumptive protection of purchase or receipt any teeth, the sale or transfer between the disposer and the receiver of the firearm must also fall within the presumptive protections of the Second Amendment. The transfer of money, because it has no bearing on the right to possess a firearm, should not change this analysis.

In short, if an individual has a right to possess a firearm, they must have the right to receive or purchase a firearm. In order for the protection to have any teeth, the transfer of that firearm to that person must fall within the presumptive

11

protection of the Second Amendment as well. As such, 18 U.S.C. § 922(d)(1) is
presumptively protected.

### C. The Government Did not, and Cannot, Carry Its Burden to Rebut the Presumption

Under *Bruen*, the government's burden is considerable, yet in the district
court here, the government declined to make an effort to present the district court
with any historical parallel to 18 U.S.C. § 922(d)(1). (2-ER-340.) The fact that the
government failed to present any historical support for the statute should end the
inquiry. At minimum, this Court should remand this case to the district court for
the appropriate historical analysis required by *Bruen*.

If this Court is to conduct the historical analysis itself, it is clear that the
government cannot meet its burden to rebut this presumption. There is no historical
analogy banning the transfer of firearms to all felons, regardless of their danger to
society. *Bruen*, 142 S. Ct. at 2126. As Judge Barrett found, "[t]he best historical
support for a legislative power to permanently dispossess all felons would be
founding-era laws explicitly imposing—or explicitly authorizing the legislature to
impose—such a ban. But at least thus far, scholars have not been able to identify
any such laws." *Kanter*, 919 F.3d at 454. As Judge Barrett points out, to the extent
that there was any reference at the founding to limiting individuals from possessing
firearms based on status, those limitations focused on specifically dangerous
individuals and, more critically, did not make it into the language of the Second

Amendment. *Id*. With respect to founding era limitations on criminals, again, Judge Barrett highlights that "the relevant 'crimes committed' would be the subset of crimes suggesting a proclivity for violence. *Id*. Ultimately, after reviewing scores of founding era legislation, Judge Barrett concludes that "In sum, founding-era legislatures categorically disarmed groups whom they judged to be a threat to the public safety. But neither the convention proposals nor historical practice supports a legislative power to categorically disarm felons because of their status as felons." *Id*. at 458; *see also Quiroz*, 2022 WL 4352482, at *5-9 ("Until federalized by the FFA [in 1938], prohibiting possession of a firearm, even by those convicted of violent crimes, was a rare occurrence.")

Given Judge Barrett's conclusion, as well as the district court conclusion in *Quiroz*, it logically follows that if there was no historical precedent for categorically banning felons from possessing firearms because of their status as felons, there certainly would have been no historical precedent to ban the disposal or sale of a firearm to a felon. Certainly, the government cannot carry its burden of proving otherwise.

Mr. Schlotterbeck's conviction is for selling or disposing of a firearm to a felon because of the undercover's status as a felon. There was no specific finding of dangerousness triggering 18 U.S.C. § 922(d)(1). (2-ER-202.) Therefore, 18 U.S.C. § 922(d)(1) is unconstitutional on its face and as applied to Mr.

Schlotterbeck's specific conduct, and Mr. Schlotterbeck's conviction must be vacated.

## II. **Both Mr. Vlha's and Mr. Schlotterbeck's Conviction on Count One Must be Vacated Because 18 U.S.C. § 922(a)(1)(A) is Unconstitutional**

The relevant language of 18 U.S.C. § 922(a)(1)(A) states that "it shall be unlawful for any person except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms[.]"

The government here was pursuing a theory of manufacturing without a license.[1] (3-ER-451.) To sustain this conviction, therefore, the government must point the Court to some historical support for the law limiting manufacturing of firearms to only those who were licensed. *Bruen*, 142 S. Ct. at 2126. Because no such support exists, this law too is unconstitutional, and both Mr. Schotterbeck's and Mr. Vlha's convictions on count one must be dismissed.

### A. Standard of Review

This Court reviews the constitutionality of a statute *de novo*. *Bartley*, 4 F. 4th at 1131.

---

[1] While the plea agreement refers to both manufacturing *and* dealing, it is clear from the government's trial brief that it was pursuing only a theory of manufacturing here. Moreover, because the language of the statute provides for both, in order for the statute to survive, the Court must find historical analogies to the licensing requirement for manufacturing.

B.  Mr. Vlha's and Mr. Schlotterbeck's Conduct in Manufacturing
     Firearms is Presumptively Protected

As discussed above, the ability to possess a firearm is presumptively

protected by the text of the Second Amendment. The text of the Second

Amendment, protecting the ability to possess a firearm, points to the necessity of

commerce in arms to adequately protect the fundamental right of possession. As

the Supreme Court has long made clear, constitutional rights necessarily

encompass included matters that are required for the actual exercise of the right.

*Richmond Newspapers v. Virginia*, 448 U.S. 555, 579 (1980). Here, this means that

the right to keep and bear arms presupposes the right to acquire a firearm, to obtain

ammunition, to train, and to make a firearm operable. *Luis v. United States*, 578

U.S. 5, 26-27 (2016) (Thomas, J., concurring). In other words, the right to keep

and bear arms necessarily includes the right to manufacture a firearm.

Mr. Schlotterbeck's and Mr. Vlha's conduct therefore, as described in 18

U.S.C. § 922(a)(1)(A) is presumptively protected.

C.  The Government Did not, and Cannot, Carry its Burden to Rebut this
     Presumption

 As discussed above, in order for a statute to survive a Second Amendment

challenge, "the government must affirmatively prove that its firearms regulation is

part of the historical tradition that delimits the outer bounds of the right to keep and

bear arms." *Bruen*, 142 S. Ct. at 2126. The government has not and cannot do so here.

Again, the government declined to try to present the district court with any historical parallel. (2-ER-340.) At the time of the founding, firearms were items of commerce which an individual needed to purchase in order to "keep and bear." Courts have agreed, holding that the sales and transfers of firearms were not categorically outside scope of the Second Amendment when it was enacted. *See, e.g. Illinois Ass'n of Firearms Retailers v. City of Chicago*, 961 F.Supp.2d 928, 937 (N.D. Ill. 2014).

Therefore, with respect to Count 1, this Court should, at minimum, remand to the district court to conduct a hearing consistent with *Bruen*, specifically regarding whether this firearm regulation is "part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen*, 142 S. Ct. at 2126.

## **CONCLUSION**

For the foregoing reasons, Mr. Schlotterbeck and Mr. Vlha respectfully requests that this Court vacate the convictions and dismiss the case against them. Alternatively, Mr. Schlotterbeck and Mr. Vlha respectfully request that this Court vacate the convictions and remand to the district court with instructions to conduct a hearing consistent with the Supreme Court's holding in *Bruen*.

 Dated:   May 26, 2023

By:  */s/ Rachael A. Robinson*

Rachael A. Robinson
Edward M. Robinson
Attorneys for Defendant-Appellant
TRAVIS SCHLOTTERBECK

By:  */s/ Jerome J. Haig*

Jerome J. Haig
Attorney for Defendant-Appellant
JAMES VLHA

## CERTIFICATE OF COMPLIANCE

*United States v. Schlotterbeck, et. al.*, Case Nos. 22-50283, 22-5284

Pursuant to Fed. R. App. P. 32(a)(7)(B) and Ninth Circuit Rule 32-1(a), the undersigned counsel hereby certifies that the attached opening brief is proportionately spaced, has a typeface of 14 points or more and contains 3,704 words.

*/s/ Rachael A. Robinson*
Rachael A. Robinson